IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>METAL MASTERS FOODSERVICE<br>EQUIPMENT COMPANY, INC.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO._____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. The United States of America, by authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), for its complaint against Defendant, states as follows:

### PRELIMINARY STATEMENT

2. This is a civil action under Sections 107 and 113 of the Comprehensive Environmental Response, Compensation, and Liability Act, ("CERCLA"), 42 U.S.C. §§ 9607 and 9613, for recovery of response costs incurred by the United States in response to the release or threat of release of hazardous substances at property known as the Tyler Site ("the Site") located at 655 Glenwood Avenue in the town of Smyrna, Kent County, Delaware.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345 and 42 U.S.C. §§ 9607(a) and 9613(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. § 9613(b).

## DEFENDANT

5. Defendant Metal Masters Foodservice and Equipment Company, Inc. ("Metal Masters") is a corporation organized under the laws of Delaware and at relevant times did business within this judicial district.

## GENERAL ALLEGATIONS

6. The Site consists of a twelve-acre parcel of property approximately ½ mile southwest of the center of the town of Smyrna.

7. The Site was originally owned by John E. Wilson and Bertha M. Wilson ("the Wilsons"). In 1946 the Wilsons sold the Site to Wilson Cabinet Company, Inc. John E. Wilson was the President of the Wilson Cabinet Company, Inc. at that time. On November 7, 1949, Wilson Refrigeration Inc. merged with Wilson Cabinet Company, Inc. forming one corporation which came to be known as Wilson Refrigeration, Inc. ("Wilson Refrigeration").

8. Subsequent to the merger, Wilson Refrigeration constructed a plant at Glenwood Avenue to manufacture refrigerators, which it operated until June 12, 1951, when it granted the property back to the Wilsons. This transfer of title occurred as part of a transaction whereby the Tyler Refrigeration Corporation ("Tyler"), a Michigan corporation, assumed control of the refrigeration manufacturing operations from Wilson Refrigeration. Tyler leased the Site from the Wilsons until February 1, 1956 when it took title to the Site.

9. In 1963, Tyler sold the property to the Clark Equipment Company ("Clark") and became part of the refrigeration division of Clark. Clark manufactured refrigeration equipment at

the Site until approximately 1976.

10. In 1978, Metal Masters took possession of the property and at approximately the same time, pursuant to a financing arrangement in connection with this transaction, the Delaware Department of Community Affairs and Economic Development ("DCAED") took title of the property pursuant to an installment sales agreement.

11. Metal Masters manufactured refrigeration equipment on the Site until 1995 when it ceased operations at the Site. Transfer of title to the property passed to Metal Masters when it paid off its remaining obligations to DCAED under the installment sales agreement in 2003. Metal Masters conveyed the property to a third party in 2004.

12. During Clark's ownership and operation of the facility, liquid wastes from the manufacturing operations were disposed of in two lagoons located in the northeast corner of the Site and allowed to percolate into the ground. These wastes allegedly consisted of paint, paint related wastes, sludge, and solvents. Sometime between 1973 and 1975, the contents of these lagoons were excavated and disposed off-site, and the lagoons were back-filled with clay and top soil, and then revegetated with grass.

13. During Metal Masters' operation of the facility at the Site, it maintained a loading dock and a storage area for 55-gallon drums of 1,1,1-trichloroethane ("TCA") solvent for use during manufacturing. Waste drums containing TCA were placed on the loading dock for recycling by a local recycling company which used mobile recycling equipment.

14. A Remedial Investigation performed by Metal Masters pursuant to a 1994 agreement with the State of Delaware found TCA and 1,1-dichloroethene ("DCE") in soil and groundwater under the Metal Masters loading dock and TCA storage area in concentrations that

exceed health-based levels.

### CLAIM FOR RELIEF

15. Paragraphs 1 through 14 are re-alleged and incorporated herein by reference.

16. Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9602(21).

17. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), from which there has been a "release or threatened release," as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of hazardous substances into the environment.

18. The United States has incurred response costs as authorized by Section 104 of CERCLA, 42 U.S.C. § 9604, and defined by Section 101(23) and (25) of CERCLA, 42 U.S.C. § 9601(23) and (25), as a result of the release or threat of release of hazardous substances from the Site.

19. The United States' actions at the Site were "response" actions as defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

20. The costs incurred by the United States in conducting the response actions were incurred in a manner not inconsistent with the National Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605.

21. Defendant operated the Site, within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), at the time of disposal of hazardous substances there, and is jointly and severally liable for the responses costs incurred at the Site.

**PRAYER FOR RELIEF**

WHEREFORE, the United States of America requests that this Court enter a judgment against Defendants as follows:

A. Order Defendant to pay all response costs incurred by the United States in response to the release and threat of release of hazardous substances at the Site;

B. Enter a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), against Defendant on liability that will be binding on any subsequent action to recover further response costs or damages; and

C. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

W. BENJAMIN FISHEROW
Deputy Chief
Environmental Enforcement Section

JOHN W. SITHER
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-5484

          COLM CONNOLLY
          United States Attorney
          District of Delaware

          _____
          PATRICIA HANNIGAN
          Assistant United States Attorney
          District of Delaware
          1007 N. Orange St.,
          Suite 700
          Wilmington, DE 19801
          (302) 573-6277

OF COUNSEL:

Michael Hendershot
Senior Assistant Regional Counsel
EPA Region III
1650 Arch Street
Philadelphia, PA  19103