IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO._____ |
| METAL MASTERS FOODSERVICE EQUIPMENT COMPANY, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

## CONSENT DECREE

## TABLE OF CONTENTS

I.        BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.       JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.      PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

IV.       DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

V.        REIMBURSEMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . . . . . . . . . . 8

VI.       FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT
          DECREE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VII.      COVENANT NOT TO SUE BY THE UNITED STATES. . . . . . . . . . . . . . . . 11

VIII.     COVENANT NOT TO SUE BY METAL MASTERS . . . . . . . . . . . . . . . . . . 12

IX.       EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION . . . . . . . . . . 13

X.        ACCESS TO INFORMATION   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

XI.       RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

XII.      NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

XIII.     RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

XIV.      INTEGRATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

XV.       LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . . . . . .19

XVI.      EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

XVII.     SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

## APPENDICES

**APPENDIX 1** . . . . . . . . . . . . . . . . . . . . . .  TYLER REFRIGERATION SITE COST REPORT

**APPENDIX 2** . . . . . . . . . . . . . . . . . . . . . RECORD OF DECISION DATED MAY 19, 1996

**APPENDIX 3** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . MAP OF THE SITE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO._____ |
| METAL MASTERS FOODSERVICE EQUIPMENT COMPANY, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

## CONSENT DECREE

### I. BACKGROUND

WHEREAS, the United States of America, on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), has filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred and to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Tyler Refrigeration Pit Superfund Site in the town of Smyrna, Kent County, Delaware ("the Site");

WHEREAS, the defendant that has entered into this Consent Decree, Metal Masters Foodservice and Equipment Company, Inc. ("Metal Masters"), does not admit any liability to the United States arising out of the transactions or occurrences alleged in the complaint;

4

WHEREAS, the United States and Metal Masters agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest;

NOW, THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. **JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Metal Masters. Metal Masters consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. **PARTIES BOUND**

2. This Consent Decree is binding upon the United States and upon Metal Masters and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Metal Masters under this Consent Decree.

## IV. **DEFINITIONS**

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning

assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675.

b. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "Defendant" or "Metal Masters" shall mean the Metal Masters Foodservice Equipment Company, Inc., its officers, employees, successors and assigns to the extent that their liability arises solely from Metal Masters' liability in connection with the Site.

e. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

f. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

g. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

h. "Interest" shall mean interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

6

i. "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

j. "Parties" shall mean the United States and Metal Masters.

k. "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through November 4, 2003 as reflected in EPA's Site Cost Report dated December 22, 2003 a copy of which is attached as Appendix **1**.

l. "Plaintiff" shall mean the United States of America.

m. "Record of Decision" or "ROD" shall mean the EPA Record of Decision relating to the Site signed on May 10, 1996 by the Regional Administrator, EPA Region III, or his/her delegate, and all attachments thereto. The ROD is attached as Appendix **2**.

n. "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

o. "Site" or "Property" shall mean the Tyler Refrigeration Pit Superfund Site, as defined in EPA's May 10, 1996 Record of Decision, which is located on a parcel of property approximately 12 acres in size situated at 655 Glenwood Avenue, Smyrna, Kent County, Delaware. The Site is depicted on the map attached as Appendix **3**.

p. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

7

## V.  <u>REIMBURSEMENT OF RESPONSE COSTS</u>

4. <u>Payment of Past Response Costs to the EPA Hazardous Substance Superfund</u>.

a. Within thirty (30) days of lodging of this Consent Decree, Metal Masters shall pay $50,000.00 to the EPA Hazardous Substance Superfund in reimbursement of Past Response Costs.

b. Within sixty (60) days of entry of this Consent Decree, Metal Masters shall pay an additional $50,181.64 to the EPA Hazardous Substance Superfund in reimbursement of Past Response Costs, which includes Interest owing on that amount from the date of entry of this Consent Decree. Such Interest shall be calculated at the Fiscal Year 2005 Hazardous Substance Superfund Interest Rate of 2.21%, and will be owing on that amount from the date of entry of this Consent Decree.

c. Payments shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing Metal Masters and USAO File Number 1999V00124, EPA Region and Site Spill ID Number 03 N6, and DOJ Case Number 90-11-3-06700. Payments shall be made in accordance with instructions provided to Metal Masters by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Delaware following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day.

d. At the time of each payment, Metal Masters shall send notice to EPA and DOJ that payment has been made in accordance with Section XII (Notices and Submissions) and to:

Office of the Regional Comptroller (3PM30)
U.S. EPA Region III
Attention: Barbara Borden
1650 Arch Street
Philadelphia, Pennsylvania 19103-2029

Joan Dent (3RC00)
Docket Clerk
U.S. EPA Region III
1650 Arch Street
Philadelphia, Pennsylvania 19103-2029

Yvette Hamilton-Taylor Esq. (3RC43)
U.S. EPA Region III
Office of Regional Counsel
1650 Arch Street
Philadelphia, PA  19103-2029

# VI.  <u>FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE</u>

5. <u>Interest on Late Payments</u>.  If Metal Masters fails to make any payment under Section

V (Reimbursement of Response Costs) by the required due date, Interest shall continue to accrue

on the unpaid balance through the date of payment.

6. <u>Stipulated Penalties</u>.

a.    <u>Amount of Penalties</u>.   If Metal Masters fails to comply with any of the

requirements of this Consent Decree within the identified periods of time, Metal Masters shall

pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 5, above,

$500.00 per violation per day of noncompliance.

b.    <u>Accrual of Penalties</u>.   All penalties shall begin to accrue on the day after

complete performance is due or the day a violation occurs and shall continue to accrue through

the final day of the correction of the noncompliance or completion of the activity.

9

c.    <u>Demand for Payment of Penalties</u>.    Stipulated penalties are due and payable within thirty (30) days after Metal Masters receives from EPA a demand for payment of the penalties.  Penalties shall accrue as provided in Paragraph 6.b. (Accrual of Penalties), above, regardless of whether EPA has notified Metal Masters of the violation or made a demand for payment, but need to be paid only upon demand.  All penalties shall begin to accrue on the day after payment is due, and shall continue to accrue through the date of payment.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

d.    <u>Payment Method for Penalties</u>.    Stipulated penalties are due and payable within thirty (30) days of the date of the demand for payment of such penalties by EPA.  All payments to EPA under this Paragraph 6 shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund."  The check, or a letter accompanying the check, shall reference the name and address of the party making payment, the Site name, the EPA Region and Site Spill ID Number 03 N6, USAO File Number 1999V00124, and DOJ Case Number 90-11-3-06700, and shall be sent to:

> EPA Superfund
> United States Environmental Protection Agency
> Region III
> Attention: Superfund Accounting
> P.O. Box 360515
> Pittsburgh, PA 15251-6515.

At the time of each payment, Metal Masters shall send notice that such payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions) and to the EPA Region III officials referenced in Section V (Reimbursement of Response Costs), Paragraph 4.d.

10

above.

7.  If the United States brings an action to enforce this Consent Decree against Metal Masters, Metal Masters shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

8.  Payments made under this Section shall be in addition to any other remedies or sanctions available to the United States by virtue of Metal Masters' failure to comply with the requirements of this Consent Decree.

9.  Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse Metal Masters from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII.  <u>COVENANT NOT TO SUE BY THE UNITED STATES</u>

10.  <u>Covenant Not to Sue by United States</u>.  Except as specifically provided in Paragraph 11 (Reservation of Rights by United States), the United States covenants not to sue Metal Masters, its officers and employees, successors and assigns pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs.  This covenant not to sue shall take effect upon receipt by EPA of all payments required by Section V, Paragraph 4 (Payment of Past Response Costs to the EPA Hazardous Substances Superfund), Section VI, Paragraphs 5 (Interest on Late Payments) and 6.a. (Amount of Penalties).  This covenant not to sue is conditioned upon the satisfactory performance by Metal Masters and its officers, employees,

successors and assigns of its obligations under this Consent Decree. This covenant not to sue extends only to Metal Masters and its officers, employees, successors and assigns and does not extend to any other person.

11. <u>Reservation of Rights by United States</u>. The covenant not to sue set forth in Paragraph 10, above, does not pertain to any matters other than those expressly specified therein. The United States reserves, and this Consent Decree is without prejudice to, all rights against Metal Masters with respect to all other matters, including but not limited to:

a. liability for failure of Metal Masters to meet a requirement of this Consent Decree;

b. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

c. criminal liability;

d. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606; and

e. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs.

## VIII. <u>COVENANT NOT TO SUE BY METAL MASTERS</u>

12. Metal Masters covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of response actions at the Site; and

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

13. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

## IX.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

14. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

15. The Parties agree, and by entering this Consent Decree this Court finds, that Metal Masters is entitled, as of the effective date of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are Past Response Costs.

13

16. Metal Masters agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than sixty (60) days prior to the initiation of such suit or claim. Metal Masters also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within ten (10) days of service of the complaint or claim upon it. In addition, Metal Masters shall notify EPA and DOJ within ten (10) days of service or receipt of any Motion for Summary Judgment, and within ten (10) days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

17. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Metal Masters shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by the United States set forth in Section VII.

## X.  ACCESS TO INFORMATION

18. Metal Masters shall provide to EPA upon request, copies of all records, reports, or information (hereinafter referred to as "records") within its possession or control or that of its contractors or agents relating to activities at the Site, including, but not limited to, sampling,

14

analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic

routing, correspondence, or other documents or information related to the Site.

19. Confidential Business Information and Privileged Documents.

a. Metal Masters may assert business confidentiality claims covering part or all of

the records submitted to the United States under this Consent Decree to the extent permitted by

and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R.

§2.203(b). Records determined to be confidential by EPA will be accorded the protection

specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies records

when they are submitted to EPA or if EPA has notified Metal Masters that the records are not

confidential under the standards of Section 104(e)(7) of CERCLA and 40 C.F.R. Part 2 Subpart

B, the public may be given access to such records without further notice to Metal Masters.

b. Metal Masters may assert that certain records are privileged under the attorney-

client privilege or any other privilege recognized by federal law. If Metal Masters asserts such a

privilege in lieu of providing records, it shall provide the United States with the following: 1) the

title of the record; 2) the date of the record; 3) the name, title, affiliation (e.g., company or firm),

and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a

description of the subject of the record; and 6) the privilege asserted. If a claim of privilege

applies only to a portion of a record, the record shall be provided to the United States in redacted

form to mask the privileged information only. Metal Masters shall retain all records that it

claims to be privileged for sixty (60) calendar days until the United States has had an opportunity

to dispute the privilege claim and any such dispute has been resolved in the Metal Masters' favor.

However, no records created or generated pursuant to the requirements of this or any other

15

settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

20. No claim of confidentiality shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

## XI. RETENTION OF RECORDS

21. Until five (5) years after the entry of this Consent Decree, Metal Masters shall preserve and retain all records and documents now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person for response actions conducted and to be conducted at the Site, regardless of any corporate retention policy to the contrary.

22. After the conclusion of the document retention period in the preceding paragraph, Metal Masters shall notify EPA and DOJ at least ninety (90) days prior to the destruction of any such records or documents, and, upon request by EPA or DOJ, Metal Masters shall deliver any such records or documents to EPA. Metal Masters may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Metal Masters asserts such a privilege, it shall provide EPA with the following: 1) the title of the document, record, or information; 2) the date of the document, record, or information; 3) the name and title of the author of the document, record, or information; 4) the name and title of each addressee and recipient; 5) a description of the

16

subject of the document, record, or information; and 6) the privilege asserted. However, no

documents, reports, or other information created or generated pursuant to the requirements of this

or any other consent decree with the United States shall be withheld on the grounds that they are

privileged. If a claim of privilege applies only to a portion of a document, the document shall be

provided to the United States in redacted form to mask the privileged information only. Metal

Masters shall retain all records and documents that it claims to be privileged until the United

States has had a reasonable opportunity to dispute the privilege claim and any such dispute has

been resolved in Metal Masters's favor.

23. By signing this Consent Decree, Metal Masters certifies that, to the best of its

knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed

or otherwise disposed of any records, reports, or other information relating to its potential

liability regarding the Site, since notification of potential liability by the United States or the

State of Delaware or the filing of a suit against Metal Masters regarding the Site and that Metal

Masters has fully complied with any and all EPA requests for information pursuant to Sections

104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e) and Section 3007 or RCRA,

42 U.S.C. § 6927.

## XII. NOTICES AND SUBMISSIONS

24. Whenever, under the terms of this Consent Decree, notice is required to be given or a

document is required to be sent by one party to another, it shall be directed to the individuals at

the addresses specified below, unless those individuals or their successors give notice of a change

to the other Parties in writing. Written notice as specified herein shall constitute complete

satisfaction of any written notice requirement of the Consent Decree with respect to the United

States, EPA, DOJ, and Metal Masters, respectively.

<u>As to the United States</u>:

> <u>As to DOJ</u>:
> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice (DJ # 90-11-3-06700)
> P.O. Box 7611
> Washington, D.C.  20044-7611
>
> <u>As to EPA</u>:
> Yvette Hamilton-Taylor, Esq.
> U.S. EPA Region III
> Office of Regional Counsel
> 1650 Arch Street
> Philadelphia, PA  19103-2029
>
> <u>As to Metal Masters</u>:
> John C. Andrade, Esq.
> Parkowski, Noble & Guerke
> 116 West Water Street
> P.O. Box 598
> Dover, DE  19903

## XIII.  <u>RETENTION OF JURISDICTION</u>

25.  This Court shall retain jurisdiction over this matter for the purpose of interpreting

and enforcing the terms of this Consent Decree.

## XIV.  <u>INTEGRATION</u>

26.  This Consent Decree constitutes the final, complete and exclusive agreement and

understanding among the Parties with respect to the settlement embodied in this Consent Decree.

The Parties acknowledge that there are no representations, agreements or understandings relating

to the settlement other than those expressly contained in this Consent Decree.

## XV.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

27.  This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Metal Masters consents to the entry of this Consent Decree without further notice.

28.  If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI.  EFFECTIVE DATE

29.  The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

## XVII.  SIGNATORIES/SERVICE

30.  The undersigned representative of Metal Masters and the Deputy Chief, Environmental Enforcement Section, Environment and Natural Resources Division, United States Department of Justice, each certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

19

31.  Metal Masters hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Metal Masters in writing that it no longer supports entry of the Consent Decree.

32.  Metal Masters shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.  Metal Masters hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

**SO ORDERED THIS _____ DAY OF _____, 2005.**

_____

United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Metal Masters Equipment Company, Civ. No. _____, relating to the Tyler Refrigeration Pit Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date: 6/9/05

W. BENJAMIN FISHEROW
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611


JOHN W. SITHER
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611


COLM F. CONNOLLY
United States Attorney
District of Delaware


PATRICIA C. HANNIGAN
Assistant United States Attorney
Delaware Bar I.D. No. 2145
1007 Orange Street, Suite 700
Wilmington, DE 19801
(302) 573-6277
Patricia.Hannigan@usdoj.gov

DONALD S. WELSH
Regional Administrator
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, Pennsylvania  19103-2029


WILLIAM C. EARLY
Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, Pennsylvania  19103-2029


YVETTE HAMILTON-TAYLOR
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, Pennsylvania  19103-2029


MICHAEL A. HENDERSHOT
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, Pennsylvania  19103-2029

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Metal Masters Equipment Company, Civil No._____, relating to the Tyler Refrigeration Pit Superfund Site.

FOR DEFENDANT Metal Masters Foodservice Equipment Company, Inc.:

Date: 4/25/05

~~Larry N. McAllister~~
~~President~~
Metal Masters Foodservice Equipment Company, Inc.
100 Industrial Blvd.
Clayton, Delaware  19938

23